IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dean H. Cole, | ) | C/A No. 0:12-1763-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Horry County Sheriff's Department; Phillip Thompson, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C.
§ 1983. On January 23, 2013, the defendants filed a motion for summary judgment. (ECF No. 47.)
By order of this court filed January 24, 2013, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th
Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the
possible consequences if he failed to respond adequately. (ECF No. 48.)

Notwithstanding the specific warning and instructions set forth in the court's <u>Roseboro</u> order,
the plaintiff failed to respond to the motion. As the plaintiff is proceeding *pro se*, the court filed a
second order on March 5, 2013, advising the plaintiff that it appeared to the court that he was not
opposing the motion and wished to abandon this action, and giving the plaintiff an additional
fourteen (14) days in which to file his response to the defendants' motion for summary judgment.
(ECF No. 53.) The plaintiff was specifically warned that if he failed to respond, this action would
be recommended for dismissal with prejudice for failure to prosecute. See <u>Davis v. Williams</u>, 588
F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). Despite this second warning, the plaintiff still did

PJG

not respond.  Therefore, the plaintiff meets all of the criteria for dismissal under <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982).[1]

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.  <u>See</u> <u>Davis</u>, 558 F.2d at 70; <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), <u>cert. denied</u> <u>sub nom</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b).  In light of the court's recommendation, the court further recommends that any pending motions (ECF No. 47) be terminated.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 22, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] He is personally responsible for proceeding in a dilatory fashion, the defendants are suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided.  <u>Chandler Leasing Corp.</u>, 669 F.2d at 920.

Page 2 of  3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).